UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EDWARDS,<br><br>          Plaintiff,<br><br>vs.<br><br>C. TRISCH, et al.,<br><br>          Defendants | Case No. 1:12 cv 01503 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 19, 2012 (ECF No. 11).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against defendant CDCR officials employed by the CDCR at Kern Valley State Prison. Plaintiff names the following as defendants: Director of Nursing Griffith; Registered Nurse C. Trisch; Licensed Vocational Nurse Salazar; LVN Singerstrew; LVN DeJesus; LVN Mangohig. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment prohibition on cruel and unusual punishment. Plaintiff also claims that he was subject to retaliation in violation of the First Amendment.

Plaintiff alleges that on October 17, 2010, during morning pill line, he was having breathing problems and his inhaler was empty. Plaintiff heard the LVN downstairs so he placed a sick call slip in his door indicating that he needed a refill for his inhaler and "breathing treatment." Plaintiff alleges that "because I thought the LVN would walk the whole tier, I seen both looking down the tier and see the sick slip and keep walking I let them know I was having

problems breathing and my inhaler was empty they both continue to walk down the stair refusing to walk the whole tier and give me medical attention for my asthma."

At 8:10 a.m., the tower officer let Plaintiff out of his cell.  Plaintiff identified defendants Salazar and Singerstrew to the officer, and told the officer that he needed a breathing treatment and refill of his inhaler.  The officer contacted medical and informed Plaintiff that he spoke with both LVNs Salazar and Singerstrew, and their advice was for Plaintiff to put a sick call slip in the medical box.

Plaintiff also told C/O Rodriguez, who also called Singerstrew and Salazar and got the same response.  Plaintiff told Rodriguez that his breathing treatments were as needed.  Rodriguez called LVNs Singerstrew and Salazar again.  Plaintiff was advised that he would be seen at the medical clinic.  Approximately an hour and a half later, Plaintiff was called to the clinic.

Plaintiff alleges that when he got to the clinic, Salazar "refused me medical attention while LVN Singerstrew stood there and watched."  Plaintiff told Salazar that "if you won't give me a breathing treatment then go to CTC and get me a emergency inhaler."  Salazar told Plaintiff that she would not do that, but she would call CTC to see if they could bring over an inhaler later.  Plaintiff was told to return to his cell.   Plaintiff returned to his housing unit and found another inmate with asthma, and used his inhaler.

Plaintiff alleges that the same thing occurred in May of 2011.  On May 14, 2011, Plaintiff asked the control tower officer to call the nurse's station to let them know that Plaintiff needed a breathing treatment for his asthma.  The nurse informed the officer that Plaintiff did not have an order for a breathing treatment.  Plaintiff advised the nurse to look it up in the computer.  At 1:30 p.m. on the same day, the LVN called the control tower and directed them to send Plaintiff to medical.  When Plaintiff arrived at the medical clinic, the LVN stated that she found an order for breathing treatments, "but there's no medication and I can't be in medical without a correctional officer, which there was a C/O & a female LVN in the back you could hear them laughing."  Plaintiff was told to come back later.

3

When Plaintiff was called back later the same day, the same female LVN and "LVN Eddie" were there.  The LVN took Plaintiff's vital signs and told Plaintiff that she would call him back later when the medication arrives.  Plaintiff was sent back to his cell.  Plaintiff alleges that the LVN left after her shift without giving Plaintiff his medication.

Plaintiff alleges that on May 22, 2011, he asked C/O Duran to call LVN Dejesus to let her know that Plaintiff needed a breathing treatment.   Dejesus told C/O Duran that she would check on Plaintiff later when she came to the building for pill pass.  Later that day,  LVN Dejesus called Plaintiff to the medical clinic.  LVN Dejesus "act like she is taken my vitals and refuse me medical attention & states why didn't I ask her earlier when she was on the first pill pass.  I was denied medical attention because I didn't ask earlier."   When the third watch came on duty, Plaintiff asked C/O Gonzales to call the nurse "concerning medical attention for my asthma."  LVN Mangohig indicated that she would not come until pill pass.  During pill pass, Plaintiff gave Mangohig a sick call slip regarding his asthma.  She told Plaintiff that he did not look sick and left the building.

Plaintiff alleges that on September 19, 2011, during the LVN's medical rounds, Plaintiff asked LVN Mangohig for an inhaler and breathing treatment.  She denied Plaintiff's request.  Later that same day, she denied a similar request by Plaintiff.  Plaintiff alleges that on that date, September 19th, he did not get treatment for his asthma until the first watch, when a correctional officer called CTC for medical help.   On September 21, 2011, Mangohig allegedly denied Plaintiff's request again, and left a message for the first watch C/O "that if I have a problem with my asthma to not give me medical attention or call CTC."

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

4

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth a generalized allegation regarding his health care, and individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Although Plaintiff has adequately alleged a serious medical condition – difficulty breathing and difficulty in obtaining an inhaler – he has failed to allege sufficient facts indicating that each Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. On each occasion, Plaintiff alleges that an inhaler was denied. Plaintiff's

5

allegations indicate, however, that his specific request for an immediate inhaler was denied. There are no allegations that Plaintiff never received an inhaler, or that Plaintiff, in the opinion of medical professionals, suffered from an emergency condition.  That an individual correctional officer or medical official denies a request for an inhaler on a particular date does not, of itself, subject them to liability.  Plaintiff fails to allege that he was injured as the result of not receiving an inhaler on a particular day.  Defendants may only be held liable if they know of and disregard a serious medical condition of Plaintiff's.  Plaintiff does not allege facts indicating that any of the defendants were responsible for Plaintiff never receiving an inhaler.  Plaintiff does not allege when, if ever, he received an inhaler.  Plaintiff fails to allege any facts indicating that he was seen by a medical professional and was diagnosed as suffering physical injury from not receiving an inhaler when he demanded it.  Plaintiff's reference to an inhaler presumes that he has a prescription for the inhaler.  There are no allegations indicating that any of the Defendants refused to fill, or in any way prevented Plaintiff from refilling his prescription.

Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here. The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

    **B.**    **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's only allegation of retaliation is that Defendant Mangohig twice denied Plaintiff's request for an inhaler on September 19, 2011 (later that same day, officials called CTC for medical help).  On September 21, 2011, Mangohig denied Plaintiff's request again, leaving a message for the first watch C/O "that if I have a problem with my asthma not to give me medical attention or call CTC."  There are no facts alleged indicating that Defendant was actually inhibited from exercising his First Amendment activity.  Plaintiff does not specifically allege what, if any, First Amendment activity was chilled.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

7

be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 31, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE