UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EDWARDS,<br><br>      Plaintiff,<br><br>    v.<br><br>C. TRISCH, et al.,<br><br>      Defendants. | 1:12-cv-01503-EPG (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983, WITH PREJUDICE<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

     Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that various nurses at Kern Valley State Prison ignored his requests for immediate assistance when his inhaler was not working properly. As a result he had to borrow another inmate's inhaler and continue wheezing until his inhaler started working again.

     The Court[1] dismissed Plaintiff's initial complaint with leave to amend on October 31, 2014. (ECF No. 16) In that screening order, the Court noted that Plaintiff's allegations failed

---

[1] The prior order was issued by Magistrate Judge Gary Austin, who presided over the case at that time.

1

to state an Eighth Amendment claim based on prison medical treatment and retaliation because he failed to allege sufficient facts indicating that each Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Although Plaintiff alleged that his specific request for an immediate inhaler was denied by a number of nurses on various occasions, there are no allegations that Plaintiff was seen by a medical professional and was diagnosed as suffering physical injury from not receiving an inhaler when he demanded it.

Plaintiff's amended complaint fails to cure these deficiencies.  Instead, Plaintiff claims that his inhaler eventually began working again.  He does not allege any serious medical injury due to the delay between the inhaler malfunction and when it began working again.  He also alleges certain attempts by prison nurses to attend to his issues, although not with the alacrity that Plaintiff believes is appropriate.

In light of these deficiencies, and Plaintiff's statement that his inhaler eventually began working again, the Court finds that Plaintiff has failed to state a claim for violation of his constitutional rights and therefore dismisses the case with prejudice.

I.      **Screening Requirement**

Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[2]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

---

[2] Plaintiff filed a consent to proceed before a magistrate judge on October 19, 2012 (ECF No. 11).  No other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Allegations

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against defendant CDCR officials employed by the CDCR at Kern Valley State Prison. Plaintiff names the following as defendants: Director of Nursing Griffith; Registered Nurse C. Trisch; Licensed Vocational Nurse Salazar; LVN Singerstrew; and LVN DeJesus. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff also claims that he was subject to retaliation in violation of the First Amendment.

Plaintiff's allegations all relate to the failure of various nurses to provide him with immediate medical attention for wheezing and chest pain associated with his asthma. His complaint lists many times when he alerted various prison officials to his difficulty breathing and they failed to immediately address that medical issue. For example, Plaintiff alleges that on October 17, 2010, during morning pill line, he was having breathing problems and his inhaler was empty. Plaintiff heard the LVN downstairs so he placed a sick call slip in his door. Plaintiff alleges that "because I thought the LVN would walk the whole tier, I seen both

looking down the tier and see the sick slip and keep walking. This was medical neglect. I was having problem breathing. I let them know I was having problems breathing and my inhaler was empty. They both continue to walk down the stair . . . refusing to walk the whole tier and give me medical attention for my asthma." ECF No. 18, at p. 8. Similarly, on October 17, 2010, Plaintiff alleges that the control tower officer stated that he had called two of the defendant nurses, who had "stated to put my sick call slip in the medical box concerning my empty inhaler." Id. Shortly thereafter that same morning, Plaintiff was told to "come to medical which took a hour and half to be call to medical." ECF No. 18, at p. 9. At medical, Plaintiff asked "if you want give me medical attention then send me to CTC and get me a emergency inhaler," and Defendant Salazar replied "no and that she would call CTC and see if they could bring out a inhaler for me later." ECF No. 18, at p. 9. Plaintiff then was directed to go back to his cell, where he "found another inmate with asthma and had to use his inhaler do [sic] to the medical neglect." ECF No. 18, at p. 10.

Plaintiff also alleges that on May 14, 2011, he went to see a nurse to again complain of wheezing and chest pain. ECF No. 18, at p. 12. The nurse initially said she didn't have an order for breathing treatment. Id. Later that day she "calls the building control tower in B-4 and states send me over. When I got to medical she states she found my order for breathing treatments but there's no medication." Id. Later that same day, Plaintiff was called back in to see the nurse who "takes my vital and states I will call you back later when the medication comes." ECF No. 18, at p. 13. He then alleges that LVN Eddie "is still there from second watch telling the LVN to not give me a breathing treatment." Id. Plaintiff alleges "waiting to third watch for medical attention is deliberate indifferent to one's medical need," and concludes "I received the breathing treatment on third watch after all that." Id.

On another occasion, on May 22, 2011, Plaintiff called LVN Dejesus who told the correctional officer "she will check me out she was to [sic] busy to provide medical attention at this time." ECF No. 18, at p. 16. But Plaintiff notes that there were 4 LVNs in medical at that time. Plaintiff concludes that "I had to repeatedly use my inhaler till it started working." ECF No. 18, at p. 17.

Plaintiff claims that Defendants violated his First and Eighth Amendment rights by showing deliberate indifference to serious medical needs and retaliating against Plaintiff for requesting medical attention.

### III. Plaintiff's Eighth Amendment Claim

#### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

#### B. Prior Screening Order

The Court dismissed Plaintiff's initial complaint with leave to amend on October 31, 2014. (ECF No. 16) In that nine-page order, the Court laid out the standards for an Eighth Amendment claim based on prison medical treatment and retaliation and found that Plaintiff had failed to adequately state a claim under those standards. Specifically, the Court held:

> Although Plaintiff has adequately alleged a serious medical condition – difficulty breathing and difficulty in obtaining an inhaler – he has failed to allege sufficient facts indicating that each Defendant knew of and disregarded a

serious risk to Plaintiff's health, resulting in injury to Plaintiff. On each occasion, Plaintiff alleges that an inhaler was denied. Plaintiff's allegations indicate, however, that his specific request for an immediate inhaler was denied. There are no allegations that Plaintiff never received an inhaler, or that Plaintiff, in the opinion of medical professionals, suffered from an emergency condition. That an individual correctional officer or medical official denies a request for an inhaler on a particular date does not, of itself, subject them to liability. Plaintiff fails to allege that he was injured as the result of not receiving an inhaler on a particular day. Defendants may only be held liable if they know of and disregard a serious medical condition of Plaintiff's. Plaintiff does not allege facts indicating that any of the defendants were responsible for Plaintiff never receiving an inhaler. Plaintiff does not allege when, if ever, he received an inhaler. Plaintiff fails to allege any facts indicating that he was seen by a medical professional and was diagnosed as suffering physical injury from not receiving an inhaler when he demanded it. Plaintiff's reference to an inhaler presumes that he has a prescription for the inhaler. There are no allegations indicating that any of the Defendants refused to fill, or in any way prevented Plaintiff from refilling his prescription.

### C. **Evaluation of Amended Complaint**

Plaintiff's first amended complaint suffers from the same deficiencies as his original complaint. On the issue of when the problem stopped, Plaintiff alleges as to the events on May 14, 2011 that "I received the breathing treatment on third watch after all that." ECF No. 18, at p. 13. Elsewhere, Plaintiff states in the amended complaint "I had to keep using my inhaler repeatedly till it started working." (ECF No. 18 at p. 20.) See also ECF No. 18 at p. 17 ("I had to repeatedly use my inhaler till it started working."). It thus appears that Plaintiff received treatment or was able to use his inhaler at some point, although not as quickly as he believes is appropriate.

Plaintiff does not allege what, if any harm, he suffered from his delay in receiving treatment or being able to use his inhaler without treatment. He alleges that he was wheezing and experienced chest pain while waiting for treatment, but temporary wheezing and chest pain is not a serious medical condition. On the issue of whether he was diagnosed as suffering any injury from the lack of having a workable inhaler until it started working again, Plaintiff states that "I have never seen a Dr. for this matter." (ECF No. 18, at p. 20.) There is still no allegation of how long the problem persisted or the consequences of that problem. Instead, the amended complaint sets out various times that Plaintiff's request for immediate assistance with

an inhaler were denied and how that differed from the medical treatment he believes he would receive outside the prison. Those allegations do not set out a claim for a constitutional claim for violation of the Eigth Amendment.

It is also worth noting that Plaintiff's amended complaint includes allegations that seem to indicate that his medical request was dealt with. Although the speed of attention was not what Plaintiff believes it should have been, Plaintiff's allegations do not state a claim for intentional and deliberate indifference to his medical needs. For example, he alleges that "10-17-10 Z stated if you won't give me medical attention then send me to CTC and get me a emergency inhaler. LVN Salazar stated no and that she would call CTC and see if they could bring out a inhaler for me later." (ECF No. 18, at p. 9.) He also explains that nurses told a correctional officer "to put my sick call slip in the medical box concerning my empty inhaler." ECF No. 18, at p. 8. These efforts indicate that Defendants were attending to Plaintiff's medical needs, although not with the immediacy that Plaintiff desired. They do not indicate a deprivation of Plaintiff's constitutional right to medical care.

## IV. Retaliation Claim

### A. Legal Standards

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### B. Evaluation of Amended Complaint

In the Court's prior screening order, the Court found that Plaintiff failed to state a claim for retaliation under § 1983. The Court stated:

> Plaintiff's only allegation of retaliation is that Defendant Mangohig twice denied Plaintiff's request for an inhaler on September 19, 2011 (later that same day, officials called CTC for medical help). On September 21, 2011, Mangohig denied Plaintiff's request again, leaving a message for the first watch C/O "that if I have a problem with my asthma not to give me medical attention or call CTC." There are no facts alleged indicating that Defendant was actually inhibited from exercising his First Amendment activity. Plaintiff does not specifically allege what, if any, First Amendment activity was chilled.

The same is true in Plaintiff's first amended complaint. Plaintiff alleges that various defendant nurses retaliated against him by failing to address his medical needs. There are no allegations of any defendant saying or otherwise indicating that they were failing to attend to his medical needs due to some protected conduct. As discussed above, it appears that Plaintiff's needs were eventually addressed either by medical attention or his inhaler working again. Moreover, there are no facts indicating that Plaintiff was inhibited from exercising a First Amendment activity.

## V. Conclusion

The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This case is DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, with prejudice;
2. This dismissal is subject to the "three- strikes" provision set forth in 28 U.S.C. § 1915(g); and

\\\

\\\

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 14, 2016**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE